Doreen Spears Hartwell, Esq.
Nevada Bar. No. 7525
Laura J. Thalacker, Esq.
Nevada Bar No. 5522
Hartwell Thalacker, Ltd.
11920 Southern Highlands Pkwy, Suite 201
Las Vegas, NV 89141
Phone: (702) 850-1074; Fax: (702) 508-9551
Doreen@HartwellThalacker.com
Laura@HartwellThalacker.com

*Attorneys for Plaintiff FortuNet, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FortuNet, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>eQube International Inc., a foreign corporation; Jack Coronel, an individual; DeWayne Wooten, an individual; DOES 1-10; and ROE Entities 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff FortuNet, Inc. ("FortuNet") alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for trademark infringement and false representations under Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a) and Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

2.     This court has federal question subject matter jurisdiction under 28 U.S.C. §1331.

3.     Venue is proper under 28 U.S.C. § 1391(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY, SUITE
201
LAS VEGAS, NV 89141
702-850-1074

**BACKGROUND**

4.     FortuNet is a licensed Nevada gaming equipment manufacturer, distributor and operator headquartered in Las Vegas.

5.     Since 1989, FortuNet has been providing casinos and bingo halls with advanced electronic bingo systems including networked stationary and wireless portable bingo player units and comprehensive player tracking, accounting, and inventory and bingo games management systems.

6.     The name "FortuNet" is a registered trademark belonging to FortuNet.

7.      FortuNet's electronic bingo software system is distributed under the name "Bingo Star," which is also a registered trademark of FortuNet.

8.     The Bingo Star system integrates wireless electronic bingo player units with stationary video bingo player units in a comprehensive system that includes point-of-sale terminals and bingo caller terminals.

9.     FortuNet is the manufacturer and distributor of its Bingo Star system providing both the Bingo Star software and hardware to its customers.

10.     Defendant Jack Coronel ("Coronel") is a former Chief Compliance Officer of FortuNet and, on information and belief, a resident of Las Vegas, Nevada.

11.     Defendant DeWayne Wooten ("Wooten") is a former Director of Business Development of FortuNet and, on information and belief, a resident of Las Vegas, Nevada.

12.     Defendant eQube International Inc. ("eQube") is a Delaware corporation registered to do business in Nevada.   eQube is a manufacturer and distributor of electronic bingo games.

13.     The true names and capacities of the referenced Doe and Roe Defendants are unknown to FortuNet at this time.   Therefore, FortuNet complains against such Does and Roes by fictitious names.  FortuNet is informed and believes, and thereon alleges, that each of the Doe

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

2

and Roe Defendants is responsible in some manner for the events referred to in this Complaint, and in some manner caused the damages alleged herein. FortuNet will seek leave of court to amend its Complaint to insert the true names and capacities of the Doe and Roe Defendants when the same have been ascertained by FortuNet, with appropriate charging allegations.

14.     While employed by FortuNet, and without FortuNet's knowledge or consent, Coronel and Wooten used FortuNet's labor and material resources to deploy their alleged "games strategies" on FortuNet's Bingo Star system.

15.     Upon information and belief, these "games strategies" are nothing more than a configuration of FortuNet's software that enables bingo players to win additional prizes by paying additional charges for bingo cards being played (multi-prize/multi-bet technology), which such configuration was long-existing prior to Coronel being hired by FortuNet. At a customer's option, these configurations can be turned on or off by FortuNet and the customers.

16.     In 2011, FortuNet discovered that through business entities controlled by Coronel, Coronel, with the help of Wooten, had entered into third party contracts with FortuNet's customers wherein Coronel charged the casinos a fee for the "games strategies."

17.     On July 27, 2011, FortuNet filed a lawsuit suit in the Eighth Judicial District Court in Nevada, Case No. A-11-645734-B against Coronel, Wooten, Playbook Publishing, Inc., Playbook Management, Inc. and Wooten Consulting for various causes of action including, but not limited to, breach of fiduciary duty, conversion and civil conspiracy to convert FortuNet's physical and intellectual property information (the "State Court Action").

18.     On July 11, 2013, FortuNet obtained a jury verdict by clear and convincing evidence that Coronel, his affiliates Playbook Publishing, LLC and Playbook Management, Inc., DeWayne, and DeWayne's affiliate Wooten Consulting conspired to accomplish the unlawful objective of converting FortuNet's physical and intellectual property for their own benefit by

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

3

soliciting existing customers of FortuNet to pay a fee for using the "games strategies" (referred to as "Games Strategies" in the State Court Action) deployed on FortuNet's Bingo Star systems.

19.     On October 1, 2013, Findings of Fact, Conclusions of Law and Judgment on Declaratory Relief ("10/1/13 Judgment") was entered in the State Court Action, wherein the court found that Games Strategies was the exclusive property of Coronel and/or his Playbook entities.

20.     The 10/1/13 Judgment failed to identify what Games Strategies was, beyond stating that Games Strategies included ownership of any inventions described in Coronel/Playbook's pending patent applications.

21.     Based on Coronel's and Wooten's former positions with FortuNet, they know the identity of all of FortuNet's electronic bingo customers and are intimately familiar with the terms of FortuNet's contracts with these same customers.

22.     Using a copy of the State Court's 10/1/13 Judgment, Coronel has been going to and/or contacting FortuNet's casino customers (including FortuNet's Nevada customers) and falsely representing that at least one of FortuNet's bingo games deployed on FortuNet's Bingo Star system belongs exclusively to him and/or his affiliates.  On information and belief, Coronel also has been informing FortuNet's casino clients that some of FortuNet's bingo games are the subject matter of at least one pending patent application authored by Coronel.

23.     After misrepresenting the true origin of FortuNet's Bingo Star bingo games, Coronel and Wooten then attempt to induce FortuNet's customers to either cancel their existing contracts with FortuNet or to refuse to renew these contracts with FortuNet and to instead, contract with a FortuNet competitor, Defendant eQube.

24.     Wooten is an employee and/or agent of eQube.

25.     In addition to misrepresenting the true origin of FortuNet's bingo games deployed

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

4

on the Bingo Star system, Coronel has issued subpoenas to FortuNet's customers seeking their financial records relating to the Bingo Star bingo games.

26.     Coronel has informed these customers that he needs to subpoena these records to determine monetary damages due to him from FortuNet for improper use of Games Strategies based on the 10/1/13 Judgment.

27.     Coronel, working in concert with Wooten and eQube, are creating confusion in the marketplace regarding the true origin and ownership of FortuNet's bingo games deployed on its Bingo Star System.  Defendants' actions further are destroying FortuNet's goodwill with its customers and are likely to cause FortuNet's customers not to renew contracts with FortuNet.

28.     On information and belief, as a result of Defendants' misrepresentations regarding the true origin of FortuNet's Bingo Star system and FortuNet's bingo games contained therein at least one casino has refused to renew its electronic bingo contract with FortuNet and has instead contracted with eQube.   As FortuNet's electronic bingo contracts continue to come up for renewal, FortuNet fears that Defendants' misrepresentations will result in its customers electing not to renew their Bingo Star systems contract.

## FIRST CAUSE OF ACTION
## LANHAM ACT VIOLATION

29.     Plaintiff repeats and reiterates each and every allegation of from the previous paragraphs as if fully set forth herein.

30.     Defendants have falsely represented to FortuNet's casino customers that at least one of FortuNet's Bingo Star bingo games belongs to Coronel.

31.     Defendants' false designation has caused consumer confusion as to the true origin of FortuNet's bingo games.

32.     As a result of Defendants' intentional and willful false designation, FortuNet has suffered damage to its goodwill and reputation in the electronic bingo industry.

33.     By affixing and using in commerce such false descriptions or representations,

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

5

Defendants are in violation of FortuNet's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    By reason of the foregoing reverse passing off by Defendants, FortuNet seeks recovery of its lost profits,  disgorgement of any and all profits obtained by Defendants, triple damages, injunctive relief, attorney's fees, costs and any other remedies permitted under Section 43(a) of the Lanham Act.

**SECOND CAUSE OF ACTION**

**DECLARATORY JUDGMENT**

35.    Plaintiff repeats and reiterates each and every allegation from the previous paragraphs as if fully set forth herein.

36.    FortuNet is unaware of Coronel or its affiliate entities having been awarded any patent for Games Strategies.

37.    Coronel has subpoenaed the financial records of FortuNet's casino customers relating to their use of FortuNet's Bingo Star bingo games for the alleged purpose of recovering damages against FortuNet.

38.    Coronel has misused the 10/1/13 Judgment to bestow upon himself patent-like protections for Games Strategies where none otherwise exists under intellectual property law, including, but not limited to 35 U.S.C. § 271, resulting in unfair competition against FortuNet.

39.    Coronel's misrepresentations regarding the true origins of FortuNet's Bingo Star bingo games has resulted in unfair competition against FortuNet to the economic benefit of Defendants.

40.    Defendants' misuse of the 10/1/13 Judgment in claiming Coronel's and/or Playbook's ownership of FortuNet's bingo games is a violation of Section 43(a) of the Lanham Act.

41.    Based on the aforementioned misrepresentations, an actual controversy exists between the parties as to their legal obligations, duties, rights and responsibilities relating to the significance of the 10/1/13 Judgment wherein the state court found that Games Strategies and any alleged inventions described in Coronel/Playbook's (or their affiliates) pending patent

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
Las Vegas, NV 89141
702-850-1074

6

1   applications belong to Coronel, Playbook and/or their affiliates.

2          42.     A declaration of rights, duties and obligations between the parties as they relate to

3   Coronel's conduct with respect to the 10/1/13 Judgment is a justiciable controversy of adverse

4   legal interests which is ripe for review and declaration by this Court.

5          WHEREFORE, Plaintiff demands:

6          1.     Judgment in favor of FortuNet and against Defendants on FortuNet's Lanham Act

7   claim.

8          2.     That Defendants, their officers, directors, agents, servants, employees, servants,

9   representatives, and all others in active concert or participation with them be enjoined from:

10         a.     Infringing Plaintiff's FortuNet and Bingo Star trademarks by using the

11   10/1/13 Judgment to claim ownership of FortuNet's bingo games on the Bingo Star system;  and

12         b.     Interfering with Plaintiff's FortuNet and Bingo Star trademarks by

13   misrepresenting to FortuNet's customers that it is unlawful for FortuNet to offer multi-

14   prize/multi-bet technology in its bingo software on the Bingo Star system.

15         3.     That Defendants, their officers, directors, agents, servants, employees, servants,

16   representatives, attorneys, related companies, successors, assigns, and all others in active concert

17   or participation with them take affirmative steps to dispel such false impressions that have been

18   created by their misrepresentations about the true origin of the Bingo Star electronic bingo

19   system and/or FortuNet's bingo games.

20         4.     That FortuNet be awarded its lost profits to be proven at trial.

21         5.     That Defendants account to FortuNet for their profits arising from the foregoing

22   false representations.

23         6.     In accordance with such accounting, FortuNet be awarded judgment for three

24   times such profits and damages pursuant to 15 U.S.C. § 1117.

25         7.     A declaration by this Court that Defendants' improper use of the 10/1/13

26   Judgment in claiming ownership of FortuNet's bingo games on the Bingo Star system is a

27   violation of Section 43(a) of the Lanham Act.

28         8.     A declaration by this Court that Coronel has improperly used the 10/1/13

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

7

Judgment to bestow upon himself and/or his affiliated entities patent-like protections for Games Strategies where none otherwise exists under federal law, including, but not limited to, 35 U.S.C. § 271.

9.      A declaration by this Court that the 10/1/13 Judgment does not create any enforcement and/or infringement rights for the benefit of Coronel and/or his affiliated entities under federal intellectual property laws, including but not limited to 35 U.S.C. § 271.

10.     A declaration by this Court that 35 U.S.C. § 271 does not preclude FortuNet from making, using, marketing, selling and/or leasing any products or services that may be identified in Coronel's and/or his affiliated entities pending patent applications.

11.     A declaration by this Court that Coronel's misuse of the 10/1/13 Judgment to collect damages for FortuNet's use of its Bingo Star system and bingo games upon which Games Strategies may be deployed is an impermissible expansion of patent-like protections where none otherwise exists.

12.     That FortuNet be awarded its attorney's fees and costs incurred in this matter; and

13.     For such other and further relief as this Court deems just and proper.

Hartwell Thalacker, Ltd.


/s/Doreen Spears Hartwell
Doreen Spears Hartwell, Esq.
Nevada Bar. No. 7525
Laura J. Thalacker, Esq.
Nevada Bar No. 5522
11920 Southern Highlands Pkwy, Suite 201
Las Vegas, NV 89141
*Attorneys for Plaintiff FortuNet, Inc.*

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN
HIGHLANDS PKWY,
SUITE 201
LAS VEGAS, NV 89141
702-850-1074

8