UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FORTUNET, INC., <br><br> Plaintiff, <br><br> vs. <br><br> eQUBE INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No. 2:15-cv-00312-APG-CWH <br><br> **ORDER** |

This matter is before the Court on Defendants eQube International Inc. and DeWayne Wooten's Motion to Stay Discovery Pending Resolution of their Motion to Dismiss (ECF Nos. 42, 43), filed on July 17, 2015. Plaintiff FortuNet, Inc. filed an Opposition (ECF No. 48) on August 6, 2015. Defendants eQube and Wooten filed a Reply (ECF No. 50) on August 11, 2015. Defendant Jack Coronel filed a joinder to the motion to stay (ECF No. 45) on July 30, 2015.

## BACKGROUND

FortuNet manufactures and distributes a bingo software system called "Bingo Star" to casinos in Nevada. Coronel and Wooten are former FortuNet employees. eQube is also a manufacturer and distributor of electronic bingo games. In a previous state court action, FortuNet claimed that Coronel and Wooten used FortuNet's labor and material resources to deploy "Game Strategies" on the Bingo Star system, and entered into contracts with FortuNet's customers wherein Coronel charged casinos a fee for the "Game Strategies." In that case, a jury ruled that Coronel and Wooten conspired to convert FortuNet's physical and intellectual property for their own benefit by soliciting FortuNet's customers to pay a fee for the "Game Strategies." Coronel, in turn, obtained a judgment against FortuNet in which

the state court found that the "Game Strategies" program was Coronel's exclusive property.

According to FortuNet's complaint (ECF No. 1), Coronel, armed with the state court judgment, allegedly contacted FortuNet's customers and represented that at least one of the FortuNet's bingo games deployed on the Bingo Star system belongs to Coronel. Coronel allegedly told FortuNet's clients that some of the FortuNet's bingo games are the subject matter of a Coronel-authored pending patent application. FortuNet also complains that Coronel has issued subpoenas seeking financial records relating to the Bingo Star games to FortuNet's customers. Wooten and eQube are alleged to have attempted to induce FortuNet's customers to either cancel their contracts with FortuNet or refuse to renew their contracts and to instead contract with eQube.

Wooten and eQube argue for a stay of discovery pending the disposition of their motion to dismiss (ECF No. 12) because they believe their motion is dismiss is meritorious and will resolve the entire case against them. Specifically, they argue that the court's subject matter jurisdiction is based upon an alleged violation of the Lanham Act, 15 U.S.C. § 1125(a), but that there are insufficient allegations in the complaint to support such a violation.

FortuNet responds that it has set forth specific allegations against the eQube defendants under the Lanham Act based on their acting in concert with Coronel to misuse the state court judgment to misrepresent the origin of the content contained on the Bingo Star system. FortuNet argues this created confusion in the electronic bingo industry, damaged FortunNet's trademark and caused the loss of at least one customer. Additionally, FortuNet argues the declaratory judgment action provides an independent basis for federal question jurisdiction under the Lanham Act and the work for hire doctrine under the Copyright Act, 28 U.S.C. § 1338.

Specifically, FortuNet argues that it has stated a plausible claim for relief under a Lanham Act "reverse passing off" theory, which occurs when one party purchases or otherwise obtains a second party's goods, removes the second party's name, and then markets the product under its own name. Additionally, it argues that it has connected the eQube defendants with Coronel through a conspiracy theory. Finally, it argues that although it did not allege a violation of the Copyright Act, subject matter still exists under the Act because the allegations require an interpretation of the Act under the work-for-hire doctrine. Alternatively, FortuNet points out that it has requested discovery in order to respond to

1  Coronel's Motion for Summary Judgment (ECF No. 15).

2  Wooten and eQube reply that FortuNet has failed to allege any misconduct by eQube or Wooten, but rather has simply lumped all defendants together and failed to identify each defendant's role in the fraud. As to the "reverse passing off" theory, they reply that the only allegations in the complaint against eQube and Wooten are that Wooten, while employed by eQube, attempted to induce FortuNet's customers to become eQube customers. Defendants contend that there are no allegations that defendants obtained the Bingo Star system, removed references to FortuNet from it, and then tried to sell it under their own name. They argue that the word "copyright" is not mentioned in the complaint, and its claim is premised upon the work-for-hire doctrine related to work that Coronel did while employed by FortuNet, which has nothing to do with eQube or Wooten. As to FortuNet's declaratory judgment action, Wooten and eQube argue that they were not parties to the Coronel judgment, and therefore there can be no controversy related to their rights and obligations under that judgment.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

///

In determining whether to stay the discovery, the Court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the Court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the Court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Court has taken a "preliminary peek" at the pending dispositive motion and finds that eQube and Wooten have made the strong showing necessary to support the requested stay. At the heart of FortuNet's case is the claim that eQube and Wooten violated the Lanham Act by conspiring with Coronel to create confusion in the martketplace regarding the ownership of the Bingo Star games. A careful review of the complaint reveals, however, that FortuNet has made no claims regarding any misrepresentations by eQube or Wooten, nor has it identified the specific role that eQube and Wooten played in the conspiracy. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (stating that Rule 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant.").

Regarding FortuNet's "reverse passing off" theory, the complaint alleges that eQube and Wooten attempted to induce FortuNet's customers to become eQube customers, but provides no detail to support the allegation that defendants obtained a Bingo Star system and then removed references to FortuNet from it and then tried to sell it under its own name. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1437 (9th Cir. 1993) (stating that express reverse passing off "occurs when one party purchases or otherwise obtains a second party's goods, removes the second party's name, and then markets the product under its own name.").

FortuNet's claim based upon the work-for-hire doctrine related to work that Coronel did while he was employed by FortuNet, but that claim is not factually connected to eQube or Wooten. Nor is the claim for declaratory judgment a controversy related to the parties' rights and obligation under the state court judgment because eQube and Wooten are not parties to that judgment.

4

Based upon the current pleading, no additional discovery is needed to decide the motion to dismiss, and it is potentially dispositive of all the issues related to eQube and Wooten. It does not appear that FortuNet's claims against eQube and Wooten support federal question jurisdiction, and so the Motion to Stay discovery is granted.

Defendant Coronel joined eQube's and Wooten's motion for stay, but provided no analysis regarding the sufficiency of the complaint as it relates to him. Accordingly, Coronel's joinder (ECF No. 45) is denied without prejudice.[1] Discovery will proceed as to Defendant Coronel as set forth in the discovery order (ECF No. 26).

**IT IS HEREBY ORDERED** the Wooten's and eQube's motion to stay of discovery pending resolution of the motion to dismiss (ECF Nos. 42, 43) is **granted.**

**IT IS FURTHER ORDERED** that if the district judge denies the motion to dismiss, the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss. The proposed discovery plan and scheduling order must comply with LR 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: September 16, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] FortuNet has requested the ability to conduct Rule 56(d) discovery in order to adequately defend against Coronel's Motion for Summary Judgment, but that is a matter within the discretion of Judge Gordon, the assigned district judge in this matter, who will rule upon the Motion for Summary Judgment.