UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FORTUNET, a Nevada corporation,<br><br>       Plaintiff,<br><br>v.<br><br>EQUBE INTERNATIONAL INC., a foreign corporation; JACK CORONEL, an individual; DEWAYNE WOOTEN, an individual,<br><br>       Defendants. | Case No. 2:15-cv-00312-APG-CWH<br><br>**ORDER GRANTING DEFENDANTS EQUBE AND WOOTEN'S MOTION TO DISMISS**<br><br>(Dkt. #12) |

FortuNet filed its complaint against Jack Coronel, eQube International, Inc., and DeWayne Wooten, asserting violations of the Lanham Act and seeking declaratory judgment. FortuNet alleges that the defendants are misusing a judgment issued in a related state court proceeding in a way that violates its rights under Section 43(a) of the Lanham Act.

Defendants eQube and Wooten move to dismiss FortuNet's claims against them, arguing that (1) the complaint does not contain well-pleaded allegations to sustain a plausible claim for relief, (2) the complaint does not meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b), (3) FortuNet has not stated a claim for reverse passing off under the Lanham Act, and (4) the proper place to address FortuNet's claims against eQube and Wooten is in the state court action. I grant the motion.

**I.   BACKGROUND**

FortuNet is a manufacturer, distributor, and operator of gaming equipment. (Dkt. #1 at 2.) It provides casinos and bingo halls with electronic bingo systems, including stationary and portable bingo player units and bingo game management systems. (*Id.*)  Defendant eQube is also a manufacturer and distributor of electronic bingo games. (*Id.*)  Defendant Jack Coronel is the former Chief Compliance officer of FortuNet. (*Id.*)  Defendant Wooten is FortuNet's former Director of Business Development. (*Id.*)

FortuNet alleges that in 2011 it learned that Coronel had—through business entities controlled by him, and with the help of Wooten—entered into contracts with some of FortuNet's customers wherein Coronel charged them fees for certain "game strategies." (*Id.* at 3.) The "game strategies" are mechanisms by which players on electronic bingo systems can win additional prizes by conducting multiple wagers. (*Id.*)

After learning of Coronel's contracts with its customers, FortuNet filed a lawsuit in Nevada state court against Coronel, Wooten, and other defendants not named in this federal action, related to the marketing and selling of the "game strategies." (*Id.*) In October 2013, after a jury trial and verdict, Judge Elizabeth Gonzalez issued Findings of Fact and Conclusions of Law and Judgment on Declaratory Relief (the "October Judgment") finding, in part, that the "game strategies" are the exclusive property of defendant Coronel and/or his business entities. (*Id.* at 4.)

FortuNet alleges that Coronel has been contacting FortuNet's customers and, using the October Judgment, falsely representing that at least one of FortuNet's bingo games on its Bingo Star system belongs exclusively to Coronel. (*Id.*) FortuNet alleges that the names "FortuNet" and "Bingo Star" are registered trademarks belonging to it. (*Id.* at 2.) According to FortuNet, after falsely representing the true ownership of the Bingo Star games, Coronel and Wooten have been attempting to induce FortuNet's customers to either cancel or refuse to renew their contracts with FortuNet and to contract with eQube instead. (*Id.* at 4.)[1] FortuNet further alleges that Coronel, Wooten, and eQube are creating confusion in the marketplace regarding the true origin and ownership of FortuNet's Bingo Star games and are destroying FortuNet's goodwill with its customers. (*Id.* at 5.) According to FortuNet, as a result of the defendants' improper actions, at least one FortuNet customer has refused to renew its contract and instead contracted with eQube. (*Id.*) FortuNet asserts violations of the Lanham Act and seeks declaratory judgment against eQube and Wooten.

---

[1] FortuNet also asserts that eQube is a competitor of FortuNet and that Wooten is an eQube employee. (*Id.*)

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation and citations omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific

task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

Wooten and eQube contend that FortuNet has not pleaded factual allegations specific to them sufficient to sustain a plausible claim for relief. They also argue that FortuNet has not stated a plausible claim for reverse passing off under the Lanham Act.

FortuNet responds that it has set forth specific allegations against eQube and Wooten based on their acting in concert with Coronel to misuse the October Judgment to misrepresent the origin of games on FortuNet's Bingo Star system. FortuNet argues that this has created confusion in the electronic bingo game industry, damaged FortuNet's trademark, and caused the loss of at least one of FortuNet's customers. FortuNet further contends that it has stated a plausible claim for relief against eQube and Wooten under a Lanham Act "reverse passing off" theory. It argues that it has connected eQube and Wooten to Coronel through a conspiracy theory.

Additionally, FortuNet argues that its request for declaratory relief provides an independent basis for federal question jurisdiction under the Lanham Act and the work-for-hire doctrine under the Copyright Act, 28 U.S.C. § 1338. FortuNet asserts that although it did not specifically allege a violation of the Copyright Act in the complaint, subject matter jurisdiction still exists under the Act because the allegations in the complaint require an interpretation of the Act under the work-for-hire doctrine.

Wooten and eQube reply that FortuNet has failed to allege any misconduct by eQube or Wooten or identify each defendant's role in the fraud, but rather has simply lumped all the defendants together. They further contend that there are no allegations of conspiracy in the complaint and that the complaint does not state when the alleged conspiracy was reached, each party's role, or the objective of the conspiracy.

As to the "reverse passing off" theory under the Lanham Act, Wooten and eQube reply that the only allegations in the complaint against them are that Wooten, while employed by eQube, attempted to induce FortuNet's customers to cancel or not renew their contracts with

FortuNet and to become eQube customers. They further argue that the word "copyright" is not mentioned in the complaint and that FortuNet's Copyright Act claim is premised upon the work-for-hire doctrine related to work that Coronel did while employed by FortuNet, which is irrelevant to any claims against them. Regarding FortuNet's declaratory judgment action, Wooten and eQube contend that they were not parties to the October Judgment and therefore there can be no controversy related to their rights and obligations under that judgment.

FortuNet's complaint contains no factual allegations regarding any specific misrepresentation made by either eQube or Wooten. Nor does the complaint state what specific role either eQube or Wooten played in any alleged conspiracy. Rather, the complaint contains numerous factual allegations related to Coronel's alleged misconduct and then lumps eQube and Wooten in with him saying that the defendants' actions are creating confusion in the marketplace.

As to FortuNet's "reverse passing off" theory under the Lanham Act, the complaint alleges that Coronel and Wooten attempted to induce FortuNet's customers to cancel or not renew their contracts with FortuNet and instead become eQube customers. However, this by itself is not a violation of the Lanham Act. Under the Lanham Act, reverse passing off occurs when "[a] producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 (2003). There is no factual allegation that either eQube or Wooten passed off FortuNet's products as their own.

Finally, FortuNet's claim for declaratory relief relates to the parties' rights and obligations under the October Judgment. However, FortuNet's complaint makes no specific reference to either eQube or Wooten in its request for declaratory relief. Rather, it once again lumps them in with Coronel.

Therefore, based upon the current pleading, and even accepting as true all the factual allegations in the complaint, FortuNet has not pleaded sufficient facts to plausibly entitle FortuNet to relief against either eQube or Wooten.[2] I therefore grant eQube and Wooten's motion

---

[2] Because FortuNet has not pleaded facts sufficient to support its claims against eQube or Wooten, I need not address eQube and Wooten's other arguments in support of dismissal.

to dismiss. As announced during the February 9, 2016 hearing on this motion and other pending motions, I grant FortuNet leave to amend its complaint if it has sufficient factual bases to assert claims against these defendants.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that eQube's and Wooten's motion to dismiss **(Dkt. #12) is GRANTED.** FortuNet's claims against eQube and Wooten are dismissed without prejudice. FortuNet is granted leave to file an amended complaint as announced during the February 9, 2016 hearing.

DATED this 9th day of February, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE