# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FORTUNET, a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>EQUBE INTERNATIONAL INC., a foreign corporation; JACK CORONEL, an individual; DEWAYNE WOOTEN, an individual; and PLAYBOOK MANAGEMENT, LLC, a Nevada limited liability company,<br><br>    Defendants. | Case No. 2:15-cv-00312-APG-CWH<br><br>**ORDER GRANTING DEFENDANTS CORONEL, EQUBE, AND WOOTEN'S MOTIONS TO DISMISS**<br><br>(ECF Nos. 64, 74, 93, 95, 105) |

    FortuNet filed its first amended complaint against Jack Coronel, eQube International, Inc., DeWayne Wooten, and Playbook Management, LLC, asserting violations of the Lanham Act against all defendants. FortuNet alleges that the defendants are working in concert to misuse a judgment issued in a related state court proceeding in a way that violates FortuNet's rights under Section 43(a) of the Lanham Act.

    In addition, FortuNet brings a "work for hire" claim under the Copyright Act and seeks declaratory relief against defendants Coronel and Playbook. FortuNet alleges that all copyrightable work created on its electronic bingo system are works for hire owned exclusively by FortuNet and seeks a declaration to that effect. FortuNet also seeks a declaration that any of Coronel's pending patent applications related to certain bingo game ideas do not provide him or Playbook with any rights or protections under either patent law or any other intellectual property laws. At a hearing on February 9, 2016, I granted defendants eQube and Wooten's motion to dismiss FortuNet's original complaint but granted FortuNet's motion for leave to amend to cure the deficiencies. ECF No. 85.

    eQube and Wooten again move to dismiss FortuNet's Lanham Act claim against them as alleged in the first amended complaint. ECF No. 95. They argue that the amended complaint does not state a plausible claim for relief under the Lanham Act and does not meet the heightened

pleading standard under Federal Rule of Civil Procedure 9(b).  Coronel also moves for dismissal or summary judgment on all claims against him. ECF No. 93.  He argues that FortuNet has not stated a plausible claim for relief on any of its claims.  I grant both motions.  Separately, Coronel has also moved for attorney's fees and costs.  I deny that motion.

## I.   BACKGROUND

FortuNet is a manufacturer, distributor, and operator of bingo gaming equipment. ECF No. 89 at 2.  It provides casinos and bingo halls with electronic bingo systems, including stationary and portable bingo player units and bingo game management systems. *Id*.  Defendant eQube is also a manufacturer and distributor of electronic bingo games. *Id*. at 3.  Defendant Jack Coronel is the former Chief Compliance Officer of FortuNet. *Id*. at 2.  Defendant Wooten is FortuNet's former Technology Manager and Director of Business Development. *Id*. at 3.  FortuNet's amended complaint alleges that after leaving FortuNet, Wooten and Coronel began working for eQube either as direct employees or paid consultants. *Id.* at 2-3.

The amended complaint alleges that in 2011 FortuNet learned that Coronel had, through his company Playbook, and with the help of Wooten, entered into contracts with some of FortuNet's customers wherein Coronel charged licensing fees for certain "Game Strategies" contained on FortuNet's "Bingo Star" bingo game system. *Id*. at 2-3.  FortuNet alleges that the names "FortuNet" and "Bingo Star" are registered trademarks belonging to it. *Id*. at 2.

After learning of Coronel's licensing contracts with FortuNet's customers, FortuNet filed a lawsuit in Nevada state court against Coronel, Wooten, Playbook, and other defendants not named in this federal action, related to the marketing and selling of the Game Strategies. *Id*. at 4.  FortuNet alleges that in October 2013, after a jury trial and verdict, Judge Elizabeth Gonzalez issued Findings of Fact and Conclusions of Law and Judgment on Declaratory Relief (the "October Judgment") in the state court action finding, in part, that the Game Strategies ideas are the exclusive property of defendant Coronel and/or his business entities. *Id*. at 5.

FortuNet alleges that Coronel has been contacting FortuNet's customers and, using the October Judgment, falsely representing that certain content on FortuNet's trademarked Bingo Star

system belongs exclusively to Coronel. *Id*. FortuNet alleges that Coronel has testified that he does not know the origin of the games contained on the Bingo Star system and was not involved in any modifications to the system. *Id.* at 3, 9. Thus, it accuses Coronel of making false statements to its customers.

According to FortuNet, Coronel and Wooten—either on their own behalf or as agents of eQube—are working in concert to steal FortuNet's customers. *Id*. at 5-6. It asserts that after Coronel misrepresents the ownership of the Bingo Star games, Wooten attempts to induce customers to switch to eQube's bingo system containing either the Game Strategies or other bingo-related products owned by Coronel, eQube, and/or Wooten. *Id.* at 6. As a result, several of FortuNet's customers have terminated their contracts with FortuNet and signed contracts with eQube. *Id.* at 6-7.

FortuNet claims that the defendants are engaged in a civil conspiracy to violate its rights under the Lanham Act by making materially false and misleading statements to damage FortuNet's reputation and goodwill with its customers and steal its business. *Id.* at 11. It alleges that the defendants are creating confusion in the marketplace regarding the true origin and ownership of FortuNet's Bingo Star games. *Id*. at 10-11.

FortuNet also alleges that FortuNet's Bingo Star system contains the original expression of the Game Strategies ideas and was created by FortuNet's software engineers during their employment with FortuNet. *Id.* at 12. It contends that Coronel has no claimed ownership over FortuNet's expression of the Game Strategies ideas and that all modifications to the Bingo Star software were done by FortuNet's engineers with no input from Coronel. *Id.* at 13. It therefore claims copyright protection over the Game Strategies on its Bingo Star system based on the work for hire doctrine, and seeks a declaration to that effect. *Id.*

Finally, FortuNet contends that Coronel has been representing to FortuNet customers that he holds patents for the Game Strategies ideas, and that Coronel is using the October Judgment to bestow upon himself patent-like protections where none exists. *Id.* at 14. It seeks a declaration

that none of Coronel's pending patent applications provide him or Playbook rights in FortuNet's Bingo Star system. *Id.* at 15.

## II.     LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation and citations omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific

4

task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, a complaint is subject to heightened scrutiny when it contains allegations of fraud or mistake. Federal Rule of Civil Procedure 9 requires a party to "state with particularity the circumstances constituting fraud or mistake." Rule 9's "particularity" standard requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). This increased detail is required "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims grounded in fraud or mistake must meet both the "plausibility" standard of Rule 8(a) and the "particularity" standard of Rule 9(b), ensuring they meet "Rule 8's requirement of simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

### III.   ANALYSIS

#### A. *Lanham Act Claim*

In both motions to dismiss, the defendants argue that FortuNet has not pleaded factual allegations sufficient to sustain a plausible claim for relief under the Lanham Act. They contend that whereas the previous iterations of FortuNet's complaint specifically alleged a reverse passing off claim against the defendants, the newly amended complaint does not state under what theory FortuNet is bringing its Lanham Act claim. Rather, they contend that the newly amended complaint alleges only that Coronel, using the October Judgment and in concert with Wooten and eQube, made misrepresentations about the origin of certain content on FortuNet's Bingo Star system which induced FortuNet's customers to cancel contracts with FortuNet and switch to eQube. They contend that the amended complaint does not support a Lanham Act violation as there are no allegations that the defendants copied FortuNet's system and passed it off as their

own, or that the defendants were selling their own bingo system and calling it "Bingo Star." Thus, they argue that FortuNet does not state a claim for either passing off or reverse passing off under the Lanham Act.

In addition, eQube and Wooten contend that FortuNet has again failed to meet the heightened pleading requirements under Rule 9. FortuNet's allegation is essentially that Coronel is using the October Judgment to misrepresent to FortuNet's customers that he owns Games Strategies. The defendants argue that even assuming this was actually a false statement, the amended complaint does not give sufficient facts to put the defendants on notice of the who, what, when, where, and how of the misrepresentations.

FortuNet responds that the amended complaint sets forth sufficient factual allegations against the defendants to support both express passing off and reverse passing off claims under the Lanham Act. It contends that Coronel's false representations intentionally led FortuNet's customers and others to believe that FortuNet does not own or have a valid license to operate the Bingo Star system. FortuNet further argues that the false representations are material and harmful, and are a misuse of the October Judgment in order to confuse customers into switching to eQube's products or services. FortuNet contends that these allegations support a claim for passing off and reverse passing off under the Lanham Act. FortuNet also argues that the amended complaint meets Rule 9's heightened pleading standard because it is specific enough to put the defendants on notice as to the basis of the fraudulent misrepresentations.

FortuNet's Lanham Act claim asserts that the defendants intentionally made misrepresentations about the ownership of certain games on FortuNet's Bingo Star system. Because FortuNet's claim relies entirely on alleged misrepresentations made by the defendants, the claim sounds in fraud and Rule 9(b)'s heightened pleading requirements apply. FortuNet's amended complaint does not satisfy Rule 9(b). FortuNet has again failed to offer factual allegations regarding what specific misrepresentations Coronel made to FortuNet's customers. The amended complaint states vaguely in multiple places that Coronel has falsely represented to FortuNet's customers that "certain content" and, even more broadly, "the true origin of the

1  content" on the Bingo Star system belongs exclusively to Coronel. ECF No. 89 at 5, 7.  It is
2  unclear what content on the Bingo Star system FortuNet is referring to, or if it is referring to all
3  content on the Bingo Star system.   The amended complaint also states that the defendants are
4  creating confusion in the marketplace regarding the "true origin and ownership of the Game
5  Strategies ideas" contained in the Bingo Star system. *Id.* at 9.  This allegation seems to limit the
6  defendants' alleged misrepresentations to only the specific Game Strategies at issue in the
7  October Judgment.

8  While not relevant to my analysis at the motion to dismiss stage, FortuNet's oppositions
9  and its statements at the April 21, 2016 hearing on these motions contained the same
10  inconsistencies and only furthered confusion about what exactly FortuNet is alleging that Coronel
11  and the alleged co-conspirators told FortuNet's customers. *See, e.g.*, ECF No. 103 at 5-8.  At
12  various times FortuNet seemed to limit the alleged misrepresentations to Game Strategies.  At
13  other times, it expanded the misrepresentations to refer vaguely to as yet undefined or identified
14  "content" on the Bingo Star system.  Thus, FortuNet has again failed "to give defendants notice of
15  the particular misconduct which is alleged to constitute the fraud charged so that they can defend
16  against the charge and not just deny that they have done anything wrong" as required under Rule
17  9(b).  Nor has it met "Rule 8's requirement of simplicity, directness, and clarity." *McHenry*, 84
18  F.3d at 1178.

19  The original complaint was filed in February 2015, roughly 14 months ago. ECF No. 1.
20  The parties have engaged in months of discovery. ECF No. 26.  FortuNet has also been given
21  guidance by both me and Magistrate Judge Hoffman about the deficiencies in its original
22  complaint, and has been given the opportunity to amend to plead sufficient facts to support its
23  claim. *See* ECF No. 52, 84, 85.  The defendants contend that this is FortuNet's sixth attempt to
24  state a plausible claim, counting the original complaint and FortuNet's numerous requests for
25  leave to amend, which all contained different and sometimes conflicting factual allegations. ECF
26  No. 95 at 2 n.1.  At this stage, after months of discovery and over a year to identify facts and
27  articulate the claim, FortuNet should be able to state with sufficient particularity the
28

misrepresentations and misconduct it alleges the defendants have engaged in.  It has again failed to do so.  I thus grant the defendants' motions to dismiss FortuNet's Lanham Act claim with prejudice.[1]

### B. *Copyright Act Claim*

Coronel also moves to dismiss FortuNet's copyright claim, arguing that FortuNet has not stated a plausible claim for relief because it does not allege any infringement on Coronel's part. Rather, he argues, the amended complaint only seeks declaratory relief related to work done by FortuNet's software engineers that FortuNet claims to have a protected interest in, and thus fails to allege a copyright claim against Coronel.  In response, FortuNet does not appear to dispute that its amended complaint does not allege actual copyright infringement by Coronel.  Instead, FortuNet's opposition focuses on the declaratory relief portion of its claim and contends that the Bingo Star system software and any modifications to it were made by FortuNet's software engineers while working for FortuNet and therefore those employees' work is copyright protected under the work for hire doctrine.  In reply, Coronel does not dispute that other FortuNet employees were responsible for creating FortuNet's software and any modifications to it.  Thus, there appears to be no case or controversy.

Article III, section 2 of the United States Constitution provides that the "exercise of judicial power depends on the existence of a case or controversy." *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n.3 (1964).  "The case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate, . . . [and] the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990) (internal quotations omitted).  Mootness occurs when there is no longer a case or controversy. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

The work for hire doctrine of the Copyright Act relates to work made by employees during the course of their employment. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S.

---

[1] Because I find that FortuNet has again not pleaded facts sufficient to support its claims against any of the defendants, I need not address the defendants' other arguments in support of dismissal and/or summary judgment.

730, 743 (1989). FortuNet argues its copyright claim is based on the work for hire doctrine and relates to the modification of source code on the Bingo Star system done by FortuNet's software engineers. But all parties agree that Coronel was not the author of FortuNet's software or any modifications to its source code. All parties also agree that all modifications to FortuNet's software were made by FortuNet's engineers. Thus, there is no case or controversy here based on a work for hire claim under the Copyright Act against Coronel. To the extent that FortuNet is seeking declaratory relief related to its copyright claim, I decline to exercise jurisdiction over this claim as a declaration would serve no useful purpose in clarifying or settling a legal issue in this case because there is no case or controversy. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011). Thus, I grant Coronel's motion to dismiss FortuNet's copyright claim with prejudice as amendment would be futile.

### C. *Declaratory Relief*

Finally, the amended complaint contains a claim for declaratory relief related to pending patent applications of Coronel and/or Playbook. FortuNet requests a declaration that the pending applications do not provide Coronel or Playbook with "any rights and/or protections under patent law and/or any other intellectual property laws." ECF No. 89 at 15. It also seeks a declaration that FortuNet is not prohibited from "making, using, marketing, selling and/or leasing any products or services" identified in Coronel's pending patent applications. *Id.* at 16.

The Declaratory Judgment Act does not grant litigants an absolute right to a legal determination. *Zemel v. Rusk*, 381 U.S. 1, 19 (1965); *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, (1952); 28 U.S.C. § 2201 (1982). "Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). District courts have broad statutory discretion to decline declaratory relief. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In determining whether to maintain jurisdiction over a declaratory judgment action, a district court can consider a variety of factors, including whether retaining jurisdiction would "serve a useful purpose in clarifying the legal relations at issue."

*Allstate Ins. Co.*, 634 F.3d at 1107; *Padres Hacia Una Vida Mejor v. McCarthy*, 614 F. App'x 895, 896-97 (9th Cir. 2015). If a district court, in the sound exercise of its judgment, determines that a declaratory judgment will serve no useful purpose, it may decline the declaratory relief requested. *Wilton*, 515 U.S. at 287.

I have dismissed FortuNet's claims under the Lanham Act and the Copyright Act with prejudice. If Coronel violated any patent laws, then filing substantive claims alleging those violations was the appropriate course. This was not done. FortuNet's complaint does not contain substantive claims for violations of federal patent law. A declaration about Coronel and FortuNet's rights under patent law would only confuse matters further. Indeed, state court Judge Gonzalez issued such a declaration in the October Judgment and it only served to give the parties ammunition, leading to this lawsuit. It appears that what FortuNet desires is a competing judgment that it can waive around in response to the state court's October Judgment. This would only create more confusion and additional litigation and would serve no useful purpose. I therefore decline to consider the declaratory relief requested by FortuNet and grant Coronel's motion to dismiss this claim.

### D. *Coronel's Motion for Attorney's Fees and Costs*

Coronel has brought a separate motion for attorney's fees, requesting payment by FortuNet of all his attorney's fees and costs associated with this case from the date of his motion, and to hereafter pay all fees and costs going forward on a monthly basis. ECF No. 74. In support, Coronel cites to sections of Coronel's employment agreement with FortuNet, arguing that the agreement's language clearly and unambiguously entitles Coronel to attorney's fees and costs for this entire litigation. Coronel fails to provide a copy of the employment agreement in either his motion or reply, so this motion is denied as unsupported. Regardless, the motion is without merit as the employment agreement, which FortuNet attached to its opposition (ECF No. 82 at 10-17),

does not relate to or reference the claims at issue here, nor is it relevant to the factual allegations alleged in the amended complaint.  Therefore, I deny this motion.

### IV.     CONCLUSION

IT IS THEREFORE ORDERED that Jack Coronel's motion to dismiss **(ECF No. 93)** and eQube and Wooten's motion to dismiss **(ECF No. 95) are GRANTED.**  FortuNet's complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that Jack Coronel's motion for attorney's fees and costs **(ECF No. 74) is DENIED**.

IT IS FURTHER ORDERED that FortuNet's motion to strike **(ECF No. 64) is DENIED as moot**.

IT IS FURTHER ORDERED that FortuNet's motion for discovery pursuant to Rule 56(d) **(ECF No. 105) is DENIED as moot**.

IT IS FURTHER ORDERED that the clerk of the court is directed to enter judgment accordingly.

DATED this 3rd day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE